UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-3-DLB

JERRY ELDRIDGE                                                                                      PLAINTIFF

VS.                                       **MEMORANDUM ORDER**

CHRISTOPHER BARKER, ET AL.                                                        DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Jerry Eldridge is an inmate at the Eastern Kentucky Correctional Complex ("EKCC"), a state prison located in West Liberty, Kentucky. Proceeding without a lawyer, Eldridge filed a civil rights complaint with this Court. (Doc. # 1). Eldridge also filed a motion for leave to proceed *in forma pauperis* (Doc. # 8), and the Court granted that motion via a separate Order (Doc. # 11). Thus, Eldridge's complaint is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Having full reviewed Eldridge's pleading, the Court will dismiss it without prejudice. Eldridge is suing multiple employees of the Little Sandy Correctional Complex, where he was previously incarcerated, and he claims, among other things, that these individuals interfered with his access to certain courts and retaliated against him. (Doc. # 1 at 2-4). However, Eldridge's substantive factual allegations are difficult to follow, and, at least as presently drafted, his pleading fails to state a claim upon which relief may be granted against any of the named defendants. (*See id.* at 2-3).

1

For example, Eldridge alleges that multiple defendants "deni[ed] me my legal documents" while another defendant "forced me to give him my legal documents" before making copies of the documents and reading and asking questions about them, conduct that Eldridge suggests amounts to a violation of his First Amendment rights. (*Id.* at 2-4). The United States Court of Appeals for the Sixth Circuit, however, has made it clear that to plead a First Amendment "access-to-court claim, a plaintiff must allege *actual prejudice* to pending or contemplated litigation challenging the prisoner's conviction or conditions of confinement." *Thomas v. Dickson*, No. 18-2317, 2019 WL 6005487, at *2 (6th Cir. 2019) (emphasis added) (citations omitted). The Sixth Circuit has further explained that, to plead prejudice, the plaintiff must "identify a nonfrivolous, arguable underlying claim that the defendants' actions prevented him from pursuing." *Id.* (quotation marks and citation omitted). Here, Eldridge has not described the underlying claims he wants to pursue, let alone the law and facts sufficient to establish that those claims may have merit. Thus, as drafted, Eldridge's pleading fails to state an access-to-court claim against any of the named defendants.

Along those same lines, Eldridge alleges that one defendant "retaliated against me by harassing me about filing the grievance on him" and another defendant "retaliated against me for filing a grievance against her." (Doc. # 1 at 2). The Sixth Circuit, however, has explained that, to state a retaliation claim, a plaintiff must allege that he engaged in protected conduct, the defendant took action against him sufficiently adverse to deter a person of ordinary firmness from continuing to engage in that conduct, and the defendant's adverse action was motivated at least in part by the plaintiff's protected conduct. *See King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012). Here, other than a

2

vague reference to harassment, Eldridge does not clearly allege what action the defendants took against him,[1] and he does not allege that any of the defendants' conduct was motivated by his own protected conduct. (*See id.* at 2-3). In short, as drafted, Eldridge's complaint fails to state a retaliation claim against any of the listed defendants.

Finally, the Court has reviewed the remainder of Eldridge's pleading, but, as best as the Court can tell, he has not stated any other claim upon which relief may be granted. For instance, while Eldridge complains about his transfer from one state prison to another, he does not explain in any clear way how this transfer amounted to a violation of his constitutional rights. Plus, while Eldridge suggests that the defendants otherwise violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution (*see* Doc. # 1 at 4), his pleading does not clearly state a claim under any of these provisions. And since the Court is dismissing Eldridge's various federal claims without prejudice, it will decline to exercise supplemental jurisdiction over any state law claims he attempts to assert. *See Booker v. City of Beachwood*, 451 F. App'x 521, 522-23 (6th Cir. 2011); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

---

[1] Eldridge does allege that one defendant "lied about the date/put down the wrong date on the appeal he responded to" before saying the defendant "put a transfer in because I said I was taken [sic] the issue to court." (Doc. # 1 at 2-3). However, this statement is confusing and lacks any meaningful context; indeed, it is not clear what Eldridge is referring to when he mentions "the wrong date on the appeal" and taking "the issue to court." (*Id.*). Without context, Eldridge has not clearly alleged that the defendant in question took action against him sufficiently adverse to deter a person of ordinary firmness from continuing to engage in protected conduct, as required to state a retaliation claim.

3

Accordingly, it is **ORDERED** as follows:

(1) Eldridge's complaint (Doc. # 1) is **DISMISSED** without prejudice because, as presently drafted, it fails to state a claim upon which relief may be granted;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 21st day of February, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Eldridge 0-25-003 Memorandum.docx

4